UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN VIGIL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-678-G |
| ) | |
| THE GEO GROUP, INC., d/b/a ) | |
| THE LAWTON CORRECTIONAL ) | |
| AND REHABILITATION FACILITY, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Plaintiff Kevin Vigil, a state inmate appearing through counsel, herein brings a federal civil rights claim pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Suzanne Mitchell for preliminary review.

Plaintiff filed a Complaint (Doc. No. 1) on July 3, 2024, identifying as Defendant The GEO Group, Inc., d/b/a The Lawton Correctional and Rehabilitation Facility. Defendant filed a motion to dismiss, to which a response and a reply were submitted. *See* Doc. Nos. 10, 11, 12.

Judge Mitchell issued a Report and Recommendation as to the motion to dismiss. *See* R. & R. (Doc. No. 13). Defendant timely filed an Objection to the R. & R. *See* Def.'s Obj. (Doc. No. 14). Plaintiff did not file an objection or respond to Defendant's Objection. Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

I.      *Plaintiff's Allegations*

Plaintiff's claims arise from an incident that transpired on July 7, 2022, at the Lawton Correctional and Rehabilitation Facility (or "LCRF") in Comanche County, Oklahoma. Plaintiff is a state prisoner currently incarcerated at LCRF. *See* Compl. ¶¶ 1, 10-11. During the relevant time period, LCRF was a private prison facility operated by Defendant pursuant to a contract with the Oklahoma Department of Corrections ("ODOC"). *See id.* ¶¶ 2, 9.

When Plaintiff was transferred to LCRF at some point prior to July 7, 2022, "unit supervisors and case managers reviewed Plaintiff's inmate file." *Id.* ¶ 11. This inmate file included a report indicating that Plaintiff had reported a threat while housed at a separate ODOC facility in 2021. *Id.* ¶ 12. Due to this threat, Plaintiff was directed to be housed separately from members of a specific gang while in ODOC custody. *Id.* ¶ 13. In addition to the review of Plaintiff's inmate file upon transfer to LCRF, Defendant's employees were notified by Plaintiff, both upon admission and on other dates after admission, "that there was a threat on his life due to failing to comply with demands made by the specific gang." *Id.* ¶¶ 14, 25. Defendant's employees and agents "consciously disregarded this information," instead placing Plaintiff within a unit "that contained multiple members of the gang, the Serranos, that specifically placed a threat on Plaintiff's life and well being." *Id.* ¶ 15. By virtue of this placement, "Plaintiff was outnumbered and exposed at all times to being harmed by this group." *Id.*

On July 7, 2022, "several members of the threatening gang were able to access Plaintiff during [a] lo[c]k-down and attacked him with no mercy." *Id.* ¶ 16. Plaintiff

2

"suffered significant injuries" from the attack "and was found unresponsive." *Id.* ¶ 25. He was "life-flighted to OU Health Science Center" where he was placed on a ventilator and treated for facial fractures and a traumatic brain injury. *Id.* Plaintiff suffered mental and physical pain and suffering, permanent disfigurement, and permanent injury; he will never fully recover from the effects of the attack. *Id.* ¶¶ 25, 32.

Plaintiff alleges that prior to the attack he had "observed inmates on a regular basis . . . open their cell doors when they were purportedly locked." *Id.* ¶ 16. The disrepair, poor construction, and lack of routine maintenance at LCRF has for years allowed inmates to open their purportedly locked cell doors, even when in "a period of lock-down." *Id.* ¶¶ 16-17. Plaintiff alleges that Defendant has "a pattern and practice of failing to protect inmates from assaults dating all the way back to 2009" and that "the pattern continues today." *Id.* ¶¶ 17, 20; *see also id.* ¶¶ 17-19, 21-24. Plaintiff contends that his attack and injury resulted from Defendant's admitted staffing shortages, failure to conduct periodic reviews, failure to respond to specific threats unless physical violence has already occurred, ignoring of reports from other facilities of confirmed threats, and "a policy and practice of placing all known gang members together based solely on past affiliation, regardless of whether the individual had renounced and/or been threatened by their own gang." *Id.* ¶¶ 22-26, 31.

II.     *The Report and Recommendation*

Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 that Defendant's failure to protect him from the attack violated Plaintiff's rights under the Eighth Amendment. *See id.* ¶¶ 29-32. Defendant seeks dismissal of the Complaint pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.  *See* Def.'s Mot. to Dismiss at 3-14.

    *A.  Defendant's Liability Based upon a Failure to Train or Failure to Supervise*

In the R. & R., Judge Mitchell addressed the factual allegations and relevant standards of review.  Judge Mitchell concluded that, to the extent Plaintiff argues that Defendant is liable under the Eighth Amendment because Defendant failed to adequately train or supervise its employees, no such theory of liability was plausibly pleaded in the Complaint and, therefore, dismissal is required under Rule 12(b)(6).  *See* R. & R. at 13-14.  No party objected to this aspect of the R. & R.  The Court will dismiss Plaintiff's Eighth Amendment claim to the extent it is based upon a failure to train or supervise.

    *B.  Defendant's Liability Based upon a Policy or Custom*

The R. & R. separately considered Plaintiff's claim that Defendant violated his Eighth Amendment rights by way of a policy or custom that failed to protect Plaintiff from being assaulted by the Serranos gang members.  *See* R. & R. at 7-13; *see also Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993) ("[A] prison official's failure to protect an inmate from a known harm may constitute a constitutional violation.").  Judge Mitchell rejected Defendant's argument that the claim should be dismissed for failure to state a claim upon which relief can be granted.  *See* R. & R. at 9-13; *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) ("[T]o withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).  Considering the pleading allegations summarized above, Judge Mitchell found the Plaintiff had adequately stated a claim against Defendant pursuant to the

4

municipal-liability framework applied to private § 1983 defendants. *See* R. & R. at 9-13; *see also Smedley v. Corr. Corp. of Am.*, 175 F. App'x 943, 946 (10th Cir. 2005).

Defendant's Objection largely restates arguments already made to and correctly disposed of by Judge Mitchell. To the extent Defendant raises specific challenges, the Court overrules them and concurs with Judge Mitchell's recommendation for the reasons outlined below.

### 1. Defendant's Knowledge of the Risk of Harm

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

> The "deliberate indifference standard has objective and subjective components." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The objective component of deliberate indifference is met if the harm suffered rises to a level sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause. For the subjective component, the plaintiff must show the official knows of and disregards an excessive risk to inmate health or safety.
>
> Prison officials have a duty to protect prisoners from harm, including harm caused by other prisoners. *See Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). "To prevail on a failure to protect claim, an inmate must show (1) that the conditions of his incarceration present an objective substantial risk of serious harm and (2) prison officials had subjective knowledge of the risk of harm, in other words, an official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (brackets and internal quotation marks omitted), *cert. denied*, ⸺ U.S. ⸺, 139 S. Ct. 800, 202 L.Ed.2d 589 (2019).

*Turner v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 804 F. App'x 921, 925 (10th Cir. 2020) (alterations, citations, and internal quotation marks omitted).

Considered within the standards set forth above, Defendant's primary objection appears to be that, because Plaintiff's "barren" factual allegations do not explicitly assert that the 2021 threat about which he warned the LCRF officials at transfer was made by the Serranos gang (as opposed to a different gang), Plaintiff fails to establish that Defendant had the requisite notice of any risk of serious harm to Plaintiff.  *See* Def.'s Obj. at 2, 4, 7; *see also* Compl. ¶¶ 12, 14-15.  This argument ignores the Court's obligation to construe the facts in the light most favorable to Plaintiff.  *See Sanchez v. Guzman*, 105 F.4th 1285, 1299 (10th Cir. 2024); *Khalik*, 671 F.3d at 1192.  More significantly, it has not been shown at this early pleading stage that the only threat sufficient to put Defendant on notice as to the gang-related risk of harm faced by Plaintiff would have been a threat "from the Serranos," made to Plaintiff "as a member of the Serranos," as Defendant argues.  Def.'s Obj. at 4, 7; *cf. Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.").  Accepted as true and taken as a whole, Plaintiff's allegations offer sufficient factual content to allow the Court "to draw the reasonable inference that [Defendant] is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

2.  *Whether Plaintiff Has Alleged a Policy or Custom*

Further, to hold Defendant liable under § 1983 for a deprivation of Plaintiff's federally protected rights, Plaintiff must: (1) identify the existence of a policy or custom by which he was denied a constitutional right; and (2) demonstrate "that the policy or custom was the moving force behind the constitutional deprivation."  *Burke v. Glanz*, 292

F. Supp. 3d 1235, 1249 (N.D. Okla. 2017) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)); *see Smedley*, 175 F. App'x at 946.

In the R. & R., Judge Mitchell noted Plaintiff's allegation that Defendant "had a policy and practice of placing all known gang members together based solely on past affiliation, regardless of whether the individual had renounced and/or been threatened by their own gang," together with allegations of a staff shortage and improperly secured doors, and found that Plaintiff had plausibly alleged a policy or custom engaged in by Defendant. Compl. ¶ 26; *see* R. & R. at 9-10. Defendant objects that the alleged gang-member-placement policy "is not facially unconstitutional" and that Plaintiff does not adequately show that a relevant policy or custom was in place. *See* Def.'s Obj. at 8-11.

The Tenth Circuit has explained that § 1983 liability "may be based on an informal 'custom' so long as this custom amounts to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189 (10th Cir. 2010) (internal quotation marks omitted). Stated differently, "a challenged practice may be deemed an official policy or custom for § 1983 municipal-liability purposes if it is . . . a well-settled custom or practice." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 770 (10th Cir. 2013).

In addition to the allegations summarized above regarding LCRF's inmate placement, lack of adequate staffing and maintenance, and failure to ensure secure doors, the Complaint describes incidents of attacks upon inmates at the facility in 2009, 2018,

7

2020, 2021, 2022, and 2024. *See* Compl. ¶¶ 17-20. The Court concludes that Plaintiff's allegations reasonably reflect that Defendant had in place at LCRF an informal custom "amount[ing] to a widespread practice," by which Plaintiff was denied his right to protection under the Eighth Amendment. *Brammer-Hoelter*, 602 F.3d at 1189 (internal quotation marks omitted); *cf. Winton v. Bd. of Comm'rs of Tulsa Cnty.*, 88 F. Supp. 2d 1247, 1268 (N.D. Okla. 2000) ("A jury could find that overcrowding, under-staffing, lack of adequate inmate supervision, lack of inmate segregation and classification, lack of inmate exercise time, dormitory-style housing, all of which existed over a long period of time, were all *de facto* policies of inaction by the County which created and or contributed to the conditions which created a serious risk of harm in the Jail."). Plaintiff "raise[s] a right to relief above the speculative level," and the claim is not subject to dismissal under Rule 12(b)(6). *Twombly*, 550 U.S. at 555.

## CONCLUSION

Accordingly, the Report and Recommendation (Doc. No. 13) is ADOPTED in its entirety. Defendant's Motion to Dismiss (Doc. No. 10) is GRANTED IN PART and DENIED IN PART. Specifically:

- Plaintiff's Eighth Amendment claim based upon a failure to train or supervise by Defendant is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6); and

- Plaintiff's Eighth Amendment failure-to-protect claim remains pending against Defendant.

This matter remains referred to Judge Mitchell in accordance with the previous referral order.

IT IS SO ORDERED this 25th day of March, 2025.

CHARLES B. GOODWIN
United States District Judge